**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRADLEY TRAN,

        Plaintiff,

vs.

        Case No. 3:19-cv-1088-MMH-JRK

GEICO GENERAL INSURANCE
COMPANY, et al.,

        Defendants.
_____/

**O R D E R**

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint Based on Fraud, and Memorandum of Law (Doc. 35; Motion), filed on July 16, 2021. Plaintiff Bradley Tran filed a response in opposition on August 6, 2021. See Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint Based on Fraud (Doc. 39; Response). Thus, the matter is ripe for review.

**I.    Background**

Plaintiff initiated this action on August 6, 2019, by filing a Complaint in the Fourth Judicial Circuit Court in and for Duval County, Florida seeking to recover benefits under an insurance policy for injuries he suffered from two different motor vehicle accidents in 2017. See Complaint (Doc. 3). Defendant Geico General Insurance Company removed the case to this Court on September

20, 2019.  See Notice of Removal (Doc. 1).  The Court entered a Case Management and Scheduling Order and Referral to Mediation (Doc. 9) on November 4, 2019, setting various deadlines including October 9, 2020, as the final date to complete discovery.  With leave of Court, Plaintiff amended his complaint on July 29, 2020, and added Government Employees Insurance Company as a defendant.  See Amended Complaint (Doc. 23).  The same day the Court entered an Order extending the discovery deadline, among other deadlines, to March 25, 2021.  See Order (Doc. 22).  On March 26, 2021, the parties filed their Joint Motion to Enlarge Deadline for Completing Discovery and Adjusting Related Deadlines (Doc. 30).  The Court granted the motion and extended the discovery deadline until June 25, 2021.  See Order (Doc. 31).  On July 16, 2021, shortly after the close of discovery, Defendants moved to dismiss the case with prejudice alleging that Plaintiff "engaged in fraud and concealment and gave untruthful testimony in his deposition and throughout discovery."  See Motion at 2.

**II.    Summary of the Arguments**

In the Motion, Defendants contend that Plaintiff "knowingly and willfully perpetrated a fraud on the Court by giving false and misleading answers under oath to questions propounded upon him during discovery matters central to the issue of his alleged injuries and damages."  Id. at 1.  Defendants assert that upon reviewing Plaintiff's medical history, they discovered that Plaintiff was

2

involved in a car accident in May of 2013 that he failed to disclose at his deposition and in his responses to the Defendants' interrogatories. See Motion at 3. Defendants assert that Plaintiff "blatantly and falsely testified he had never made a prior claim for neck injuries, aside from the 1995 motor vehicle incident, which is clearly false as he actually retained a lawyer who threatened to file a lawsuit for a May 15, 2013, motor vehicle accident." See id. Defendants also claim that Plaintiff neglected to disclose that he suffered injuries and received treatment as a result of the 2013 accident that his lawyer described in a demand letter as "severe." Id. at 3-4. Defendants argue that under Florida law Plaintiff's omission of the May 2013 accident constitutes fraud on the court and request that the Court dismiss the Amended Complaint with prejudice. See Motion at 5-9.

In his Response, Plaintiff asserts that he "inadvertently and unintentionally forgot about a minor automobile accident he was involved in on or about May 15, 2013 in California." See Response at 2. Plaintiff argues that his nondisclosure did not prejudice Defendants because their principal witness testified that "the records he received regarding the May 2013 incident did not change his opinion in any way." See id. at 10-11. In addition, Plaintiff disputes the admissibility and relevance of the demand letter that his lawyer sent to the insurance company as a result of the 2013 accident. Id. at 12-14. Plaintiff argues that the cases cited by Defendants in their Motion involve omissions and

3

falsities far more extreme than those that Plaintiff is accused of here. See id. at 14-17.

### III. Discussion

"In the Middle District, 'there is no question that a trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud upon the court.'" Idearc Media Corp. v. Kimsey & Assocs., P.A., No. 8:07-CV-1024-T-17EAJ, 2009 WL 928556, at *3 (M.D. Fla. Mar. 31, 2009)[1] (citations omitted). Nevertheless,

> [d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. Such a dismissal is not proper unless the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct. Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct.

Id. (internal citations and quotations omitted). "It has long been the law of [the Eleventh Circuit] that fraud on the court must be established by clear and convincing evidence." Gupta v. U.S. Atty. Gen., 556 F. App'x 838, 840 (11th Cir. 2014) (citing Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987)). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of the jury, or the fabrication of evidence by a party in which an

---

[1] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

attorney is implicated, will constitute a fraud on the court." Id. (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)). The Eleventh Circuit has "consistently held that a fraud between parties is not fraud on the court." Patterson v. Lew, 265 F. App'x 767, 769 (11th Cir. 2008)). Indeed, "[t]he mere nondisclosure of allegedly pertinent facts does not ordinarily rise to the level of fraud on the court." Gupta, 556 F. App'x at 840-41.

Here, Defendants allege that Plaintiff withheld pertinent facts when he failed to disclose in his deposition and in his responses to interrogatories that he was in a car accident in May of 2013. Regardless of whether Plaintiff experienced a lapse in memory, see Response at 2, or as Defendants allege, he "testified falsely and negatively under oath," see Motion at 5, Plaintiff's conduct does not rise to the level of perpetrating a fraud on the court. See S.E.C. v. ESM Grp., Inc., 835 F.2d 270, 273 (11th Cir. 1988) (quoting Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985)) (holding that even "perjury . . . does not constitute fraud upon the court."); see also Bryant v. Troutman, No. 3:05-CV-162-J-20MCR, 2006 WL 1640484, at *1 (M.D. Fla. June 8, 2006) (holding that "lying under oath, giving misleading answers under oath, thwarting Defendants' discovery, and concealing the existence and/or extent of both prior and subsequent injuries" did not amount to fraud on the court); see also McCarthy v. Am. Airlines, Inc., No. 07-61016-CIV, 2008 WL 2517129, at *2-3 (S.D. Fla. June 23, 2008) (plaintiff's failure to disclose treating physicians, a

5

prior injury, and treatment in connection with that injury did not warrant the "extreme sanction of dismissal"); see also Bassett v. Wal-Mart Stores E., LP, No. 18-61984-CIV, 2019 WL 4691824, at *2 (S.D. Fla. July 10, 2019) (allegations that the plaintiff misrepresented "her history of injuries and pain", "her prior physicians and medical history," and "her prior personal injury claims" in her deposition and interrogatories did not warrant dismissal for fraud).  To the extent Defendants argue that Plaintiff's failure to disclose the 2013 accident demonstrates a scheme to conceal his relevant medical history, such an inference is contradicted by Plaintiff's disclosure of a more serious accident that occurred in 1995.  Further, Defendants have failed to show that Plaintiff's nondisclosure prejudiced them where Defendants discovered the 2013 accident prior to trial, had the opportunity to question the parties' experts in their depositions regarding the accident, and both parties' experts testified that the nondisclosure had no effect on their opinions. See Response, Ex. H: Deposition of Matthew Lawson, M.D. at 24, 34 (Doc. 39-8) & Ex. I: Deposition of Andrew Frank Cannestra, M.D., Ph.D. at 31 (Doc. 39-9).  While Defendants' Motion contains "allegations of inconsistency, non-disclosure, [or] even falseness, [these] can be brought to the jury's attention through cross-examination or impeachment." Hughes v. Matchless Metal Polish Co., No. 2:04-CV-485-FTM-29DN, 2007 WL 2774214, at *3 (M.D. Fla. Sept. 24, 2007) (quoting Gehrmann v. City of Orlando, 962 So. 2d 1059, 1062 (Fla. 5th DCA 2007)).  The

6

nondisclosures do not, however, warrant the extreme sanction of dismissal with prejudice in a case such as this where, "there is no clear evidence on the record of an intent to defraud the Court." See McCarthy, 2008 WL 2517129, at *2-3. Accordingly, the Defendants' Motion is due to be denied.

In light of the foregoing, it is hereby

**ORDERED:**

Defendants' Motion to Dismiss Plaintiff's Complaint Based on Fraud, and Memorandum of Law (Doc. 35; Motion) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida on October 7, 2021.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record

7